## FISCHER,
*Appellant,*

*v.*

## VALLEY INDUSTRIES, INC.,
*Respondent.*

(37810; CA A49135)

773 P2d 9

Warren John West, Bend, argued the cause and filed the brief for appellant.

Paul L. Roess, Portland, argued the cause for respondent. On the brief were Jas J. Adams and Acker, Underwood, Norwood & Hiefield, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a summary judgment for Valley Industries, Inc. (defendant) in this wrongful death action based on strict product liability. The only issue that requires discussion is whether there was evidence that a product that was manufactured by defendant was the one that caused the fatal accident. We conclude that there was enough evidence to create a genuine question of material fact, and we reverse.

The decedent was killed when her vehicle collided with a loaded horse trailer that had become separated from a truck driven by Dennis Phillips.[1] Plaintiff alleges that the ball coupling device by which the trailer was connected to the truck was defective, that it caused the accident and that it was manufactured by defendant. Phillips owned two coupling devices. One was a ball with an integral stud as the connecting part (stud device), and the second was a ball into which a threaded bolt is screwed (bolt device). We agree with defendant that there was no evidence to link defendant to the stud device. *See* n 3, *infra.* There *was* evidence to support an inference that defendant manufactured the bolt device. The question comes down to whether there was evidence that Phillips was using the bolt device, rather than the stud device, when the trailer came loose from his truck.

Phillips testified in his deposition and in an affidavit that he used the stud device for his horse trailer and the bolt device only for his boat trailer and that the bolt device remained in his possession and was intact after the accident.[2] That evidence supports defendant's theory that Phillips was using the stud device when the relevant events occurred. The evidence that plaintiff contends can show that Phillips was using the bolt device was a damaged bolt found near the accident scene by an investigating officer the day after the accident. Evidence about the physical characteristics of the bolt allows an inference that it was the bolt from defendant's coupling device.

---

[1] Phillips and a number of other defendants were named, in addition to Valley Industries, Inc. The action has been dismissed or settled with respect to all defendants except Valley Industries.

[2] The device itself was not produced as evidence.

The officer stated in one affidavit that, "[i]n reviewing the bolt, its damage appeared to be fresh with no evidence of debris or rust on the bolt itself." He also stated, in a separate affidavit, however, that, while he was investigating,

> "an unidentified woman came up and also started searching the accident scene. As I walked back past where the trailer had landed, I noticed a bolt standing there on the shoulder of the road. It definitely had not been present before the woman came to the scene of the accident."

The officer further stated:

> "The accident site is on a portion of the highway where there are frequent motor vehicle accidents. There is debris from the wreckage of other accidents located along the shoulder in the same portion of the road where the Fischer accident occurred."

Defendant argues that plaintiff "failed to create a jury issue that the threaded bolt 'found' at the accident scene came from Phillips' truck." According to defendant, plaintiff "was unable to show the origin of the bolt and an unbroken chain of custody to tie the bolt to the accident." We do not agree that plaintiff was required to show more than he did to defeat the motion for summary judgment. The bolt is physical evidence that tends to support plaintiff's version of the facts. Where and what the bolt came from are questions of fact. The evidence about its physical characteristics and its proximity to the accident scene, when discovered, comprise a sufficient showing to make those questions triable. The evidence reveals many alternatives to and bases for doubt about plaintiff's theory of the bolt's origins. However, those are matters for a trier of fact to resolve. The trial court erred by granting summary judgment against plaintiff, insofar as his claim is based on the bolt device.[3]

Reversed and remanded.

---

[3] Plaintiff alleged that the device that caused the fatal injury "was either a ball with an attached threaded stud * * * or a ball with internal threads that was secured by a threaded bolt." We agree with the trial court and defendant that the summary judgment record discloses no triable issue on plaintiff's alternative stud device theory.